Fifield v. Northern Railroad.

## FIFIELD v. NORTHERN RAILROAD.

An action may be maintained against a railroad corporation by one of its servants employed as a brakeman, who was injured by reason of the negligence of the corporation in permitting its road to become blocked with snow and ice, and a car to be out of repair, the plaintiff being in no fault.

CASE. The defendants demurred to the declaration, which was as follows:

In a plea of the case for that the defendants heretofore, to wit, on the tenth day of February, 1859, owned, occupied, and were possessed of a certain railroad called the Northern Railroad, running from Concord, in the county of Merrimack and State of New-Hampshire, to a place called West Lebanon, in the town of Lebanon, in the county of Grafton, which railroad runs through the town of Canaan, in said county of Grafton, and the defendants, at the time aforesaid, operated said railroad by running their cars and engines on and along said railroad from said Concord to said West Lebanon, and had the management, control and direction thereof, and the engines and cars on the same, and the plaintiff was at the said time in the employ of the defendants as a brakeman upon a freight train of said road of the defend-

ants, and employed by the defendants for that purpose; by reason whereof it became and was the business and duty of the plaintiff to attend to the brakes upon the train or trains of the defendants, upon which he was, and it was also his duty to assist in setting out cars from said train or trains, and in taking into said train or trains such cars as it was necessary to take in, or set off, by shackling or hitching, unshackling or unhitching the cars, as might be necessary, or as he might be ordered to do by the superintendent, or other officer of said railroad; and it was the duty of the defendants to keep said road in good and sufficient repair, and the track so cleared from snow, ice, and other impediments, and the engines and cars used and drawn thereon in good and sufficient order, so that their servants and men employed in making up, running, managing and controling their said trains upon said road, could, with ordinary care and prudence, do and perform their said duties in, upon, and about said engines and cars, and about the said railroad with safety; yet the defendants, not regarding their said duty in these respects, negligently and carelessly allowed and suffered their said road, to wit, at said Canaan, on the day and year aforesaid, to become filled and blocked up with snow and ice on the side and sides of said road and tracks, and then and there negligently and carelessly suffered a certain freight car to be and remain out of repair, by reason of which negligence and carelessness of the defendants in permitting the said road and tracks to become so filled and blocked up with snow and ice as aforesaid, and so carelessly and negligently permitting the said car to be so out of order, as aforesaid, the plaintiff, while in the performance of his duty as by his said employment by and with the defendants as brakeman on said train or trains, in shackling and unshackling said cars at said Canaan, heretofore, to wit, on the said tenth day of February, and while in the exercise of great care and prudence on his

part, was unavoidably caught between the said cars, and run against and upon by the said cars, whereby the plaintiff's arm was broken, and he was so otherwise cut, bruised and wounded that he became and was very weak, sick, sore and disordered, and so remained and continued for a long space of time, to wit, from thence hitherto, and still so continues, during all which time the said plaintiff suffered great pain, and has been wholly prevented and hindered from performing any business whatever during that time, and deprived thereby from earning a support for himself and family, and so now continues; and also by means of the premises the plaintiff was forced to pay, lay out and expend, and has necessarily paid, laid out and expended divers large sums of money, in all amounting to a large sum of money, to wit, the sum of five hundred dollars, in and about endeavoring to be healed and cured of his wounds, hurts and bruises occasioned as aforesaid; to the damage of said plaintiff, as he says, the sum of five thousand dollars.

*George, Foster & Sanborn* (with whom were *Pike & Barnard*), for the defendants.

A railroad corporation, from the essential character of its organization, can do no act of itself as a principal, but all its business must, from necessity, be carried on by means of agents and servants.

The declaration contains no allegation that the defendants did not exercise ordinary and proper care in the purchase of good and sufficient cars and machinery, and the selection of skillful and competent servants, and the presumption of law is in favor of such caution and diligence.

The plaintiff, and those other persons through whose negligence, as it is charged, he sustained an injury, were appointed and employed by the same company to perform separate duties and services, all tending to the accomplishment of one general purpose and result, namely, the

transmission of passengers and merchandize over the defendants' road; and the main question presented by the pleadings is, whether, for injuries sustained by one servant, by means of the carelessness of another, the injured party has a remedy against the common employer.

The general rule which makes the master answerable in damages to a person injured by means of the negligence of a servant, acting in the course of his employment, and within the scope of his authority, is applied only where the plaintiff and defendant stand in no relation of privity, but are strangers in law to each other; and the action for damages in such case is an action sounding in tort. *McManus* v. *Critchett,* 1 East 106; 1 Bl. Com. 431.

But the plaintiff's claim against his employer can only be maintained on the ground of an implied contract of indemnity of each servant by the master, against all risk, peril and damages sustained by that servant in the course of his employment, through the negligence of every other servant employed in different branches of the same service.

That such an implied contract is not supposed to exist between the master and his servants, may be inferred from the fact that while the occasions for its recognition by judicial tribunals in this country must have been exceedingly numerous, no reported case is found sanctioning such a rule of law, or indicating such a measure of duty on the part of employers.

On the contrary, we understand the plain rule of law to be this; that it is the duty of the directors or general managers of a railroad corporation (for the performance of which duty the company is responsible) to use due diligence to see that all the machinery put upon the road, or into the use of the servants of the company, shall be of good construction and material, and to exercise ordinary care and prudence in the selection of trustworthy and competent agents and servants.

And in accordance with this rule is the implied con-

Fifield *v.* Northern Railroad.

tract of the corporation with each and every person engaged in its service. But the company is not responsible to its employees for the care and faithfulness of their co-laborers in keeping the tracks, engines, cars and machinery in such repair as to be always safe and fit for use when transferred by one servant into the hands of his fellow-servant, whose particular business it is to use it.

For example, if the company purchases an engine of good construction and material, which is placed under the control of the master-mechanic of the machine-shop for necessary inspection and repair, and if such master-mechanic be a skillful and competent person, and yet, through his neglect, any portion of the engine becomes defective, whereby an accident occurring, the engineer suffers injury, the company is not responsible to the engineer.

The rule which we have supposed to exist is supported by obvious considerations of policy and justice.

And every person who enters into the service of a railroad corporation conforms to these considerations, and takes upon himself the ordinary risks and perils incident to such service; his compensation, in legal presumption, being adjusted accordingly. *Hard, Adm'r,* v. *Vermont & Canada Railway Co.*; Supreme Court, Vermont (see Law Reporter, January, 1860); *Farwell* v. *Boston & Worcester Railroad,* 4 Met. 49; 1 Pars. on Cont. 528.

The plaintiff's injury was the result of an ordinary casualty, like those to which all persons, at all times, in similar employment, are exposed, and like all cases of mere accident, the loss must rest where it falls, unless the injured party may recover of the person whose actual fault occasioned the damage. *Winterbottom* v. *Wright,* 10 M. & W. 109; *Milligan* v. *Wedge,* 12 Ad. & E. 737; *Priestley* v. *Fowler,* 3 M. & W. 1; *Murray* v. *Railroad,* 1 McM. 385.

It makes no difference, in the application of the rule, that the servant whose fault occasions the injury, and the servant injured, are employed in different departments of

the same general service. It would be impossible to establish a practical rule which should regard such a distinction. It would vary with the circumstances of every case. *Farwell* v. *Railroad,* 4 Met. 60 ; *Carle* v. *Canal and Railroad,* 43 Me. 269 ; *Gilshannon* v. *Stony Brook Railroad,* 10 Cush. 228 ; *Little Miami Railroad* v. *Stevens,* 20 Ohio 415.

And as before suggested, the rule is at variance with any assumed principle of responsibility, and although supported by every consideration of policy and justice, yet it is founded upon the fact that the implied contract of the employer extends no further than to indemnify the servant against the negligence of the master himself.

In addition to the cases already cited, the following will be found fully to support the doctrine of our argument. *Wright* v. *The New-York Central Railroad,* 28 Barb. 80 ; *Hutchinson* v. *Railway,* 5 W. H. & G. 343 ; *Wigmore* v. *Jay,* 5 W. H. & G. 353 ; *Skip* v. *Eastern Counties Railway,* 24 E. L. & E. 396 ; *McMillan* v. *Railroad,* 20 Barb. 449 ; *Coon* v. *Syracuse & Utica Railway,* 6 Barb. 231 ; *Honner* v. *Illinois Central Railway,* 15 Ill. 550 ; *Ryan* v. *Cumberland Valley Railway,* 23 Penn. St. 384 ; *King* v. *Railway,* 9 Cush. 112 ; *Williams* v. *Clough,* 3 H. & N. 258 ; *Haynes* v. *Western Railroad,* 3 Cush. 270 ; *Albro* v. *Agawam Canal Co.,* 6 Cush. 75 ; *Wiggett* v. *Fox,* 11 H. & G. 832 ; Redfield on Railways 386–391, and notes.

It is true the plaintiff's declaration charges negligence upon the corporation directly, but it is constructive negligence, and not actual fault which is so charged. It was clearly the negligence not of the corporation but of some one or more of its servants, and the plaintiff's declaration is in this respect fatally defective. *McMillan* v. *Railroad,* 20 Barb. 449.

In conformity with the principles of the last decision was the case of *Keegan* v. *The Western Railroad,* 4 Seld. 175. See, also, *Russell* v. *Hudson River Railroad,* 3 Smith (17

---

Fifield *v.* Northern Railroad.

---

N. Y.) 134; *Sherman* v. *Syracuse & Rochester Railroad,* 3 Smith 153; *Illinois Central Railroad* v. *Cox,* 21 Ill. 20; *Moss* v. *Johnson,* 22 Ill. 633.

*Lund & Buckingham,* for the plaintiff.

At common law all persons are bound to conduct their business, whatever it may be, in such a manner as not to endanger the health, nor the life, nor the property, nor even the convenience of any other. A corporation is liable to all the penalties which would befall an individual in all civil actions.

It is a well-settled principle of law, that an employer is bound to furnish to his servants safe materials and opportunities for all of them to obey his behests and perform their duties. Such an obligation is permanent, and can not be avoided by the delegation of the employer's power or authority to any other person; for his contract of employment is direct with his servant, that he will provide suitable and careful and safe materials and opportunities, and properly skilled and careful persons to assist.

That a railroad corporation can do no act of itself as a principal, because all its business must of necessity be carried on by means of agents or servants, is not true as a matter of law. Such corporation is held responsible under precisely the same circumstances, and for precisely the same degree of care on the part of its agents, as any master is for a servant having direction of his vehicle on an ordinary highway. *Beers* v. *Housatonic Railroad,* 19 Conn. 566; *Bradley* v. *Boston & Maine Railroad,* 2 Cush. 539; *Railroad* v. *Woodruff,* 4 Md. 242; *Sharrod* v. *Northwestern Railway,* 4 W. H. & G. 585, 586. So, also, for the wrongful acts and neglects of its servants and agents, done within the scope of their employment, in the same manner, and to the same extent, and upon the same grounds. *Albert* v. *Savings Bank of Baltimore,* 1 Md. Ch. Dec. 407; *Thacher* v. *Bank,* 5 Sandf. 121.

It is not necessary that the declaration should contain any allegation that the defendant did not exercise ordinary and proper care in the purchase of good and sufficient cars, &c., and in the selection of skillful and competent servants. It is sufficient, for this case, that the declaration sets out and alleges that a certain defective car was used, to the injury of the plaintiff.

Employers, particularly railroad corporations, are held to the exercise of ordinary and reasonable care and prudence in the selection of all their agents and servants ; in the selection of their engines and cars ; and in watching over the arrangements of their trains ; and putting the necessary force upon them, so that, in a business so dangerous, no unnecessary risk be incurred by the servant, by reason of unsafe arrangements, or want of watchfulness over those in their employ. *Bassett* v. *Norwich & Worcester Railroad*, in the Supreme Court of Connecticut, in February, 1857. See, also, *Hutchinson* v. *Railroad*, 5 W. H. & G. 343 ; *Skip* v. *Eastern Counties Railway*, 24 E. L. & E. 396 ; *Albro* v. *Agawam Canal Co.*, 6 Cush. 75 ; *Coon* v. *Syracuse & Utica Railroad*, 6 Barb. 243 ; *Walker* v. *Bolling*, 22 Ala. 294 ; *Cooke* v. *Parham*, 24 Ala. 21.

The implied undertaking of an employer, in his contract with his servant, is, that, in the employment of superior agents, he warrants their fidelity and their competency, and the continued exercise of those qualities at all times. *Little Miami Railroad* v. *Stevens*, 20 Ohio 415 ; *Railroad* v. *Keary*, 3 Ohio St. 201 ; 5 W. H. & G. 354 ; 1 Kelly 195 ; 4 Port. 234 ; 35 E. C. L. 342 ; 9 M. & W. 710 ; *Mad River & Lake Erie Railroad* v. *Barber*, 5 Ohio 559 ; Story on Bailments, sec. 433.

The doctrine in *Priestly* v. *Fowler*, referred to by the defendants, only goes to the point that the employer is not responsible when both servants are engaged in a common service, and no power or control is exercised by the one over the other.

The principle that the master is not responsible for injuries inflicted on one servant by another, is applicable only when the injury complained of happens without any fault or misconduct, such as carelessness and neglect, in the master, either in the act which caused the injury, or in the employment of the person who caused it. *Keegan* v. *Western Railroad,* 4 Seld. 175 ; *Mad River & Erie Railroad* v. *Barlow,* 6 Ohio (St.) ; *Perry* v. *Marsh,* 25 Ala. 659 ; *Patterson* v. *Wallace,* 28 E. L. & E. 48 ; *Marshall* v. *Stewart,* 33 E. L. & E. 1 ; *Noyes* v. *Smith,* 28 Vt. 59. The decision in the case of *Priestly* v. *Fowler* does not go so far as to absolve the master from all obligation or duty toward his servant. He must not expose him to extraordinary risks. He does not use due care when he exposes his servant to danger, by associating with him, in a service of peril, those who are wanting in skill or experience, or who are careless or unfaithful or imprudent.

. In this case the plaintiff was not injured by the fault of a fellow-servant or co-employee, but by the carelessness and negligence of the defendants, acting through agents superior to and controlling the actions of the plaintiff. The declaration charges actual fault, in that there was a defective car, and an obstruction on the road, specifically pointing out what that obstruction was. These were not averments of constructive negligence, but are in law willful laches.

The same power which allows a railroad to control its track and its stations, imposes upon it an obligation to keep them in order. *Barker* v. *Midland Railroad,* 36 E. L. & E. 253 ; *Coon* v. *Power,* 7 Met. 596 ; 1 Am. Railway Cases 389. It is the duty of railroads, in particular, to keep their roads and works in such repair, and so watched and tended, as to insure the safety of all who may lawfully be upon them, whether passengers or servants or strangers. *Murch* v. *Concord Railroad,* 29 N. H. 9 ; *Winterbottom* v. *Wright,* 10 M. & W. 109 ; *Sawyer* v. *Rutland Rail-*

*road*, 27 Vt. 377. Railroads are bound at all times to furnish a safe road. *Keegan* v. *Western Railroad*, 4 Seld. 175 ; *King* v. *Railroad*, 9 Cush. 112. Railroads are bound to furnish sufficient and safe machines and cars. For any injury sustained by an agent or an employee from any neglect of this duty, the company is liable. *Railroad* v. *Barber*, 5 Ohio (N. S.), 565.

It is sufficient that the declaration charges carelessness and negligence to the defendants with regard to a particular defect. It charges all the fault directly to the defendants, and not upon their servants, and the defendants' argument is entirely *dehors* the record. The court, upon a demurrer, can not go beyond the pleadings to discover an error.

Doe, J. The gist of the declaration is, that by reason of the defendant corporation negligently permitting its road to be blocked with snow and ice and a car to be out of repair, the plaintiff, a servant of the defendants, employed as a brakeman, was injured.

If the railroad were owned by one individual, and he should personally assume the duty of examining and repairing the road and the cars, and through his negligence in not repairing, or in imperfectly repairing them, a brakeman employed by him should be injured, the employer would be liable. And if the employer did not attend to the repairs himself, and if ordinary care and prudence required that one or more persons should be constantly engaged in making repairs, and the employer, through gross negligence, did not employ any, or a sufficient number of repair-men, or negligently employed unskillful ones, and a brakeman, not knowing this fact, and being in no fault for not knowing it, and being chargeable with no negligence or fault whatever, were injured, solely in consequence of such negligence of his employer, the employer would be liable. In such case, the master would be held

responsible for the exercise of ordinary care and prudence. If he assumed to do any part of the work himself, he should exercise ordinary care and skill in doing it; if he did nothing personally, except hiring all the servants, he should exercise ordinary care in employing a sufficient number of competent servants. And a declaration, alleging that he carelessly and negligently permitted the track and a car to become and remain defective, would be sustained by evidence that they became and remained defective through his personal carelessness and negligence in not discovering and remedying the defects, if he took upon himself that branch of the business; or by evidence that he assumed the general management and superintendence of the road, and employed all the workmen, and that from gross negligence he employed no repair-men, or an insufficient number, or unskillful ones, whereby the track and a car became and remained defective. In either case, the defects would exist by reason of his own negligence. Whether his negligence consisted in not discovering or in not removing the defects himself, or in not employing any or a sufficient number of repair-men, or competent ones, the action could be founded upon his personal negligence, and the allegation that the defect existed by reason of his negligence would be sufficient.

The same general rules must be applicable, whether the owner of the road and employer of the workmen is a person or a corporation. The agents of a corporation must have a principal, and its servants must have a master; and the mutual duties and liabilities between master and servant must be the same, whether the master is a man, or a being existing only in contemplation of law. In the present case, ordinary care and prudence may have required that workmen should have been employed to repair the cars, and to remove the snow and ice from the track, and the stockholders may have voted not to employ such workmen, or to employ a number known to be insufficient,

or those known to be incompetent, and the plaintiff, in the exercise of reasonable care, and without any knowledge, or means of knowledge of defects in the car or track, or of the insufficiency or incompetency of the repair-men, may have been injured in consequence of the action of the stockholders. In such case, although the stockholders, for many purposes, are not the corporation, it would not, probably, be denied that the plaintiff, being injured by the gross negligence of the controlling power of the corporation, could maintain this action. The declaration must, therefore, be held sufficient.

It is understood that the powers and duties of the directors are such, that, in the general management of the business of the corporation, their negligence may be called the negligence of the corporation, in contradistinction to the negligence of its servants. Whether any other officers occupy a similar position in relation to the corporation and its servants, can not now be decided. *King* v. *B. & W. Railroad,* 9 Cush. 42; *C. C. & Cin. Railroad* v. *Keary,* 3 Ohio (St.) 201.

The rule is very generally established that a servant who is injured by the negligence of a fellow-servant in the course of their common employment, without any fault on the part of the master, can maintain no action against the master for such injury. The rule appears to be founded on the implied contract that he who engages in the employment of another for the performance of specified duties and services, for compensation, takes upon himself the natural and ordinary risks and perils incident to the performance of such services, the compensation, in legal presumption, being adjusted accordingly; and it is said that perils arising from the negligence of fellow-servants are incident to the service. *Farwell* v. *B. & W. Railroad,* 4 Met. 49.

The contract between master and servant, for many if not for all purposes, is, that each will exercise ordinary

and reasonable care. If an individual is the sole owner of a railroad, and also general manager, purchaser and superintendent, he is presumed to engage with his workmen that he will use ordinary care in furnishing them with engines, cars and road, in a condition reasonably safe, and if, from any defect in the engines, cars or road, which ordinary care on the part of the owner personally would have prevented or cured, a brakeman, in the exercise of ordinary care, having no knowledge or means of knowledge of the defect, is injured, the owner is liable. But it would be unreasonable to imply a contract of warranty, on the part of the owner, that the engines, cars and road should be sufficient and free from defect. And it is claimed that it would be equally unreasonable to imply a contract of warranty on the part of the owner with each of the workmen that all the other workmen should be competent and free from fault, and that the only reasonable and consistent contract that can be implied on this point is that the owner will exercise ordinary care in employing competent workmen. If such owner hires an engine and engineer, and a brakeman is injured at one time by a defect in the engine, and at another time by the fault of the engineer, it might be difficult to imply a contract on the part of the owner to use ordinary care in hiring a suitable engine, and a contract of warranty that he would hire a suitable engineer, and that the engineer should not only be reasonably competent, but that he should never be negligent.

It has been held substantially that whether a workman is injured through inadequacy of machinery, or other aids or means furnished by his master, or through incompetency or carelessness of fellow-workmen, his right of action against his employer stands upon the same ground; that between master and servant the implied contract is that each will use ordinary care in all things pertaining to the servant's business; that if a master exercises ordi-

nary care in hiring and retaining in his employment a competent engineer, and in buying and continuing to use a suitable engine, the master should no more be liable to a brakeman, if the engineer should prove to be incompetent, or being generally competent should on some occasion be careless, than if the engine, apparently sufficient, should explode; that the master has performed his contract with the brakeman, so far as it relates to the engine and engineer, when he has done all that ordinary care requires him to do to secure an engine and engineer reasonably suitable for the business. If the owner of a railroad, being a person of ordinary care, should select his servants with reasonable circumspection, and ride upon the road himself, he would take as much care of his brakemen as of himself, so far as their safety depended upon the other servants; and the brakeman, who would charge the owner with greater obligations, should establish his claim upon strong and satisfactory grounds of reason, justice, public policy, or probability as to the actual intention and understanding of the parties in making the contract of service.

The law on this subject is not peculiar to common carriers, railroads, or extensive enterprises. The responsibilities of the defendants, in this case, and of the individual who hires two laborers in harvest, or two carpenters to erect a staging and shingle his house, are to be determined by the same legal tests. This case is between master and servant, and is to be carefully distinguished from a case between common carrier and passenger, as there may be no foundation in the former for the peculiar principles applicable in the latter. Bailees are held to different degrees of care in different kinds of bailment, as between themselves and the other parties to the contract of bailment; but all bailees, as between themselves and their servants, must be held to a degree of care fixed

Fifield v. Northern Railroad.

by a general and uniform rule. The business in which the master is engaged is immaterial.

If the employer's contract with his workmen is, that he will use ordinary care in the employment of other workmen, but that he will not guarantee their carefulness, and if he use such care, and, by the negligence of one of them another of them is injured, the employer is not liable, the common rule of torts, that the act of the servant is the act of the master, being suspended as to that case by the contract. But if a third person, not a party to the contract between the master and servant, is injured by the fault of the servant, his right of action against the master does not depend upon, and is not limited by that contract. The servant has agreed to bear, and is paid for bearing the risks incident to the service; the stranger has not made such an agreement, and is not paid for bearing such risks.

And if the contract, implied on the part of the servant, is to bear the risks only of the business in which he is engaged, and not the risks of other business, he would not be prevented by his contract from maintaining an action against the master, if he were injured by the negligence of another servant of the same master, engaged in other business. His remedy would be restricted by the contract only as to the negligence of fellow-servants engaged in the same general service, or those employed in the conduct of one common enterprise or undertaking, or those whose employment is such that, by their negligence in the usual line of their duty, he might reasonably expect to be endangered, or those whose negligence might be understood to be incident to his service.

There being an express agreement between the master and servant to do certain work and to pay for that work, but no express agreement as to the care to be exercised, the liabilities to be assumed, or the risks to be borne by either, the most reasonable contract is to be implied on

those subjects. The servant is supposed to undertake that he will exercise reasonable and ordinary care in doing the work; and he is liable, if, from the want of such care on his part, any damage result to the person or property of the master, and the damage could not have been avoided by ordinary care on the part of the master. And if the servant receives an injury which such care on his part would have avoided, he has no remedy against the master, although the master may also have been in fault. And if the servant knows that a certain part of the work is to be done by other servants, and the master is required to use ordinary care in employing them, the obligations of master and servant, as between themselves, in every thing done by each of them in relation to the servant's business, would be reciprocal and equal.

A contract is implied, on the part of the servant, that he assumes the apparent risks, as well as those generally incident and ordinarily and reasonably to be expected in the service. *Assop* v. *Yates*, 2 H. & N. 768. He engages to bear the special perils which he knows actually to exist in his particular service, as well as the dangers generally appertaining to such business. If an engineer undertakes to run an engine which he knows to be defective and peculiarly liable to burst, he has no remedy for an explosion to which he voluntarily exposes himself. If he would have the visible or known risks borne by his employer, he should insist upon an express stipulation to that effect in the contract; no such stipulation can reasonably be inferred. And if the servant takes the risks of known defects of machinery, it would seem that he also assumes, to some extent, the risks of known incompetency and insufficiency of fellow-servants. *Skipp* v. *E. C. R. Co.*, 9 W. H. & G. 223.

In the present state of this case we are not called upon to determine what rule, as to the liability of a master to a servant, for the negligence of a fellow-servant,

is the law of this state, as the defendants may be made liable without raising that question. And whether it should have been alleged in the declaration that it was the duty of the defendants to use and exercise ordinary and reasonable care and diligence, to keep the said road and car in reasonably good and sufficient repair, &c., and that the defendants did not use and exercise ordinary and reasonable care and diligence to keep, &c., but negligently and carelessly allowed and suffered, &c., is a question not argued by counsel or considered by the court. Similar allegations, in the leading case of *Priestly* v. *Fowler*, 3 M. & W. 1, were held insufficient upon grounds which are not satisfactory to us. It was there said that if the owner of a carriage is responsible to his servant for the sufficiency of the carriage, he is responsible to the servant, also, for the negligence of his coach-maker, or his harness-maker, or his coachman, and that the mere relation of master and servant never can imply an obligation on the part of the master to take more care of the servant than he may reasonably be expected to do of himself. But the declaration in that case was, not that the defendant insured the plaintiff against injury from all defects in the carriage, but that it became the duty of the defendant, on that occasion, to use due and proper care that the said carriage should be in a proper state of repair. The declaration seems to have been considered as setting forth a right of action growing out of a contract of warranty; whereas, in fact, it alleged substantially that from the relation of master and servant, there was to be implied, on the part of the master, a contract to use due and proper care. If the implied contract were that the master should use ordinary care in procuring a suitable carriage and suitable fellow-servants for the plaintiff, the inconvenient and absurd consequences which the decision in that case seems to have been intended to avoid, would not have resulted from holding the declaration sufficient. The terms "ordinary and

reasonable care and diligence," have an exactly defined meaning in law, and perhaps they should be used in declarations of this kind.

*Demurrer overruled.*